IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:24-cv-00311 |
| v. | ) |
| FRANK MCGOWAN, TINA MCGOWAN and MR. COOPER, | ) |
| Defendants. | ) |

**COMPLAINT**

The United States of America, under 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this action to (1) reduce to judgment certain unpaid federal tax liabilities owed by Defendants, Frank McGowan and Tina McGowan; and (2) enforce associated federal tax liens against certain real property owned by Frank McGowan and Tina McGowan.

For this Complaint, the United States alleges:

**Jurisdiction, Venue, and Parties**

1.   Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.   Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the Defendants reside in Albuquerque, New Mexico, and the property against which the United States seeks to enforce federal tax liens is also located in Albuquerque, New Mexico.

1

3. Plaintiff is the United States of America.

4. Frank McGowan is a taxpayer whose unpaid federal income tax liabilities are at issue and give rise to the federal tax liens the United States seeks to enforce in this action.

5. Tina McGowan is a taxpayer whose unpaid federal income tax liabilities are at issue and give rise to the federal tax liens the United States seeks to enforce in this action.

6. Mr. Cooper is a Defendant as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property against which the United States seeks to enforce federal tax liens.

## General Allegations

7. Defendants, Frank and Tina McGowan, are spousal partners residing in Albuquerque, New Mexico. This action arises from federal income tax that they jointly owe for tax year 2008.

8. Initially, neither Frank nor Tina McGowan filed a federal income tax return for 2008.

9. On April 14, 2014, the IRS assessed tax due by Frank McGowan in the amount of $395,006 and issued him a notice and demand for payment the same day. The IRS recorded a Notice of Federal Tax Lien (NFTL) for Frank McGowan on May 30, 2014 in Bernalillo County, New Mexico. The IRS did not make an assessment against Tina McGowan.

10. Years later, in March, 2021, Frank and Tina McGowan filed a joint federal income tax return for tax year 2008. Tina McGowan thus became a party to any income tax liability owed by Frank McGowan for tax year 2008. The IRS recorded a NFTL for Tina McGowen on May 2, 2022 in Bernalillo County, New Mexico.

11. The McGowans' 2008 joint return reflects tax owed in the amount of $127,508. The balance due remains unpaid today and continues to accrue interest and penalties as authorized by law.

## The Subject Property

12. The property on which the United States seeks to enforce federal tax liens is owned and held by Frank and Tina McGowan as joint tenants and is located at 11980 Modesto Avenue Northeast, Albuquerque, New Mexico 87122 (the Subject Property).

13. The Subject Property is more fully described as follows:

Lot numbered Fourteen (14) of Block numbered One (1), in Tract numbered Two (2), Unit numbered One (1) of NORTH ALBUQUERQUE ACRES, a Subdivision of a tract of land in School Districts Three (3) and Four (4), Bernalillo County, New Mexico, as the same is shown and designated on the Map of said Subdivision, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on March 23, 1931.

Subject to patent reservations, restrictions and easements of record and to taxes for the year 1999 and years thereafter.

14. The Deed evidencing Frank and Tina McGowan's ownership of the Subject Property is recorded at Book 9904, page 9356, in the Bernalillo, County, New Mexico land records.

15. The Subject Property is encumbered by a mortgage held by Defendant, Mr. Cooper.

## Count 1
### JUDGMENT AGAINST FRANK MCGOWAN

16. On the dates below, a delegate of the Secretary of the Treasury made assessments against Frank McGowan for unpaid income taxes and penalties for tax year 2008 in the amounts below (the Tax Liabilities), which have balances due with accruals and costs as of April 1, 2024:

| Period | Assessment Date | Assessment | Amount Assessed | Balance as of 04/01/2024 |
|---|---|---|---|---|
| 2008 | 04/14/2014 | Tax | $395,006.00 | |
|  | 04/14/2014 | Late-filing Penalty | $86,936.40 | |
|  | 04/14/2014 | Fail to Pre-pay Penalty | $1,389.00 | |
|  | 04/14/2014 | Late Payment Interest | $86,807.82 | |
|  | 04/14/2014 | Late Payment Penalty | $96,596.00 | |
|  | 11/09/2015 | Late Payment Interest | $31,967.52 | |
|  | 11/06/2017 | Late Payment Interest | $54,596.81 | |
|  | 11/05/2018 | Late Payment Interest | $35,139.21 | |

|  | | | |
|---|---|---|---|
| 11/04/2019 | Late Payment Interest | $44,147.20 | |
| 11/02/2020 | Late Payment Interest | $36,290.32 | |
| 07/12/2021 | Reduced Prior Tax Assessed | ($260,262.00) | |
| 07/12/2021 | Reduced Late-filing Penalty | ($58,559.63) | |
| 07/12/2021 | Reduced Late-filing Penalty | ($65,066.25) | |
| 07/12/2021 | Reduced Late-payment Interest | ($188,805.48) | |
| **Total** | | | **$316,801.24** |

17.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the Tax Liabilities to Frank McGowan. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Tax Liabilities have a $316,801.24 unpaid balance due as of April 1, 2024.

18.     Despite notice and demand for payment, Frank McGowan has failed, neglected, or refused to fully pay the Tax Liabilities.

19.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Frank McGowan is liable to the United States for the Tax Liabilities in the amount of $316,801.24 as of April 1, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

20.     This action has been commenced within the applicable statute of limitations. Generally, the United States has ten years from the date of assessment to file suit to collect an unpaid tax liability. 26 U.S.C. § 6502(a)(1). The Tax Liabilities were assessed within the last ten years.

## Count 2

### JUDGMENT AGAINST TINA MCGOWAN

21. Tina McGowan is a party to the Tax Liabilities reflected above in ¶ 16 because the McGowan's 2008 joint income tax return reported tax owed by both Tina and Frank McGowan.

22. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Tax Liabilities to Tina McGowan. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Tax Liabilities had a $316,801.24 unpaid balance due as of April 1, 2024. Despite notice and demand for payment, Tina McGowan has failed, neglected, or refused to fully pay the Tax Liabilities.

23. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Tina McGowan is liable to the United States for the Tax Liabilities in the amount of $316,801.24 as of April 1, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

24. This action has been commenced within the applicable statute of limitations. Generally, the United States has ten years from the date of assessment to file suit to collect an unpaid tax liability. 26 U.S.C. § 6502(a)(1). The Tax Liabilities were assessed within the last ten years.

## Count 3

### ENFORCEMENT OF FEDERAL TAX LIENS

25. Pursuant to 26 U.S.C. §§ 6321 and 6322, due to the neglect, refusal, or failure by Frank and Tina McGowan to pay the Tax Liabilities described above after notice and demand, federal tax liens arose on the date of assessment and attached to all the property and rights to all

the property belonging to Frank and Tina McGowan, including, the Subject Property. These federal tax liens remain attached to and enforceable against the Subject Property.

26. The IRS, in addition, publicly filed NFTLs in accordance with 26 U.S.C. § 6323(f) with the County Clerk of Bernalillo County, Albuquerque, New Mexico, regarding the Tax Liabilities described above, on May 30, 2014 and on May 2, 2022.

27. Therefore, under 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Subject Property, by foreclosure sale or other court order. In particular, the United States is entitled to have the Subject Property sold in a judicial sale, by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed as otherwise determined by the Court in accordance with the law.

## PRAYER

For these reasons, the United States of America is entitled to a judgment determining that:

A. Frank McGowan is liable to the United States for the Tax Liabilities arising out of tax year 2008, in the amount of $316,801.24 as of April 1, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. Tina McGowan is liable to the United States for the Tax Liabilities arising out of tax year 2008, in the amount of $316,801.24 as of April 1, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C. The federal tax liens securing the Tax Liabilities shall be foreclosed or enforced by other court order against the Subject Property by sale of the entire Subject Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens,

and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed pursuant to further orders of the Court in accordance with the law; and

       D.      Awards the United States such other and further relief as this Court deems just and proper, including, its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Dated: April 1, 2024　　　　　　　　　　Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

*/s/Eduardo R. Mendoza*
Eduardo R. Mendoza
Trial Attorney
Texas State Bar No. 24096680
U.S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
214.880.9735
Eduardo.Mendoza@usdoj.gov

**Counsel for Plaintiff,
United States of America**